```
            UNITED STATES DISTRICT COURT
               DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| MARY BRADLEY and TERESA ELDRIGE,<br><br>          Plaintiffs,<br><br>      v.<br><br>THE ATLANTIC CITY BOARD OF EDUCATION et al.,<br><br>          Defendants. | HONORABLE JOSEPH E. IRENAS<br><br>CIVIL ACTION NO. 08-3075<br>          (JEI/JS)<br><br>**OPINION** |

**APPEARANCES:**

PRESS & TAGLIALATELLA, LLC
By: Richard L. Press, Esq.
23 East Black Horse Pike
Pleasantville, NJ 08232
    Counsel for Plaintiffs

MARKS, O'NEILL, O'BRIEN & COURTNEY, PC
By: Frances Wang Deveney, Esq.
6981 North Park Drive, Suite 300
Pennsauken, NJ 08109
    Counsel for Defendants Atlantic City Board of Education and
    Fredrick Nickles

DECOTIIS, FITZPATRICK, GLUCK & COLE, LLP
By: George Gabriel Frino, Esq.
Glenpointe Centre West
500 Frank W. Burr Boulevard
Teaneck, NJ 07666
    Counsel for Defendant Barry Caldwell

**IRENAS**, Senior District Judge:

    Presently before the Court is the Motion to Dismiss for Failure to State a Claim (or alternatively, for Summary Judgment) by Defendants Atlantic City Board of Education and Fredrick Nickles (collectively "BOE Defendants"), as well as the Motion to

Dismiss for Failure to State a Claim by Defendant Barry Caldwell ("Caldwell").  For the reasons that follow, the Motions will be denied.[1]

## I.

The factual recitation that follows accepts as true the facts as alleged in the Complaint.  Plaintiffs Mary Bradley and Teresa Eldridge (collectively "Plaintiffs") are long-term employees of Defendant Atlantic City Board of Education ("BOE").  Defendant Nickles is the Superintendent of the BOE, and Defendant Caldwell is its Director of Operations.

Plaintiffs allege numerous incidents involving Caldwell occurring over an extended period of time.  One such incident occurred in approximately 1992, when Caldwell allegedly exposed his genitals to Bradley.  Bradley ultimately filed a New Jersey Tort Claims notice regarding Caldwell's conduct.  Thereafter, Caldwell instituted a private defamation lawsuit against Bradley.  Over a period of time, Bradley was allegedly subjected to a variety of adverse workplace actions, including but not limited to revocation of her responsibilities, transfers to dead-end positions, and relocation to undesirable work locations.

Caldwell also allegedly exposed himself to Eldridge; she filed a complaint with the BOE's human resources department about his conduct.  Like Bradley, Eldridge alleges she was subjected to

---

[1] The Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1367.  Venue is proper in this Court under 28 U.S.C. § 1391(b)(2).

a variety of adverse workplace actions.  Eldridge also claims she received a threatening letter from Defendants, advising her to refrain from participating in any legal action initiated by Bradley.  Plaintiffs claim they apprised the BOE of the treatment they were experiencing in the workplace, but no investigation or remedial action resulted.[2]  The current action was initiated by the filing of an eight count Complaint in the Superior Court of New Jersey, Law Division.  Defendants timely removed to this Court.

The Complaint is poorly drafted and lacking in clarity.[3]  The legal allegations appear to include claims for violations of the New Jersey Law Against Discrimination, the Conscientious Employee Protection Act, federal and state civil rights law, wiretapping law, privacy law, and contract law.  Plaintiffs' litany of overlapping legal theories are all based on the same series of alleged conduct by Defendants.

## II.

Federal Rule of Civil Procedure 12(b)(6) provides that a court may dismiss a complaint "for failure to state a claim upon which relief can be granted."  In order to survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a

---

[2] With a handful of exceptions, the Complaint is silent as to the dates of the facts alleged.

[3] Plaintiffs' briefs in opposition to the current motions are similarly jumbled.

3

complaint must allege facts that raise a right to relief above the speculative level. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1965 (2007); see also Fed. R. Civ. P. 8(a)(2). While a court must accept as true all allegations in the plaintiff's complaint, and view them in the light most favorable to the plaintiff, *Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008), a court is not required to accept sweeping legal conclusions cast in the form of factual allegations, unwarranted inferences, or unsupported conclusions. *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997). The complaint must state sufficient facts to show that the legal allegations are not simply possible, but plausible. *Phillips*, 515 F.3d at 234.

### III.

Defendants levy a broad challenge to the sufficiency of the Complaint and argue that it must be dismissed. While the Court agrees that the Complaint is far from a model of clarity, all that is required at this early stage is sufficient factual detail to put Defendants on notice as to the nature of the claims against them. The Complaint before the Court has accomplished that much, setting forth sufficient factual information to plead a cause of action under multiple legal theories, including sexual harassment, hostile work environment, and retaliation. It is as yet unclear precisely which theories of recovery, if any, may end

up carrying the day.

In the employment context, the professional and personal relationships among coworkers and superiors are complex.  Hence, analysis of this case requires a fact-intensive inquiry into the history between Plaintiffs and Caldwell, as well as the propriety of the BOE's handling of the situation.  The place to litigate these issues is not the 12(b)(6) stage, with only the allegations of the Complaint before the Court.

The Court will deny the Motions to Dismiss.  Insofar as the BOE Defendants seek summary judgment, the motion is premature in the absence of sufficient discovery.[4]  The Motion for Summary Judgment will be denied without prejudice.  This matter will move forward with vigorous management by the Magistrate Judge, with discovery to occur on a condensed timeline.

### IV.

For the reasons stated above, the Motions to Dismiss will be denied, and the Motion for Summary Judgment will be denied without prejudice.  The Court will issue an appropriate Order.

Dated:  May __13__th, 2009

                                       s/ Joseph E. Irenas
                                    **JOSEPH E. IRENAS, S.U.S.D.J.**

---

[4] The Court recognizes that the BOE Defendants have supplied, as exhibits, the answers to interrogatories completed by Mary Bradley and Teresa Eldridge in a related state court matter, in which Barry Caldwell and his wife are the Plaintiffs.

5